Date signed March 20, 2008



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| TRANSCOLOR CORPORATION, | * | Case No. 98-65483-JS |
| Debtor, | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARSHALL & ILSLEY TRUST COMPANY, N.A. | * | |
| | * | |
| Plaintiff, | | |
| | * | Adv. Pro. No. 05-9103-JS |
| v. | | |
| | * | |
| MORTON M. LAPIDES, SR., Et al | | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

***MEMORANDUM OPINION DENYING MOTION [P. 121] OF
PLAINTIFF MARSHALL & ILSLEY TRUST COMPANY, N.A.,
TO RECONSIDER OPINION AND ORDER DISMISSING
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION***

Before the Court is the plaintiff's motion to reconsider [P. 121] the opinion and order of this Court dated October 5, 2007, that dismissed the instant adversary proceeding and held that after the award of a money judgment by the bankruptcy court against the alter ego of a debtor corporation in an earlier adversary proceeding, the bankruptcy court did not have subject matter jurisdiction over a second suit brought by the -plaintiff as successor in interest of the judgment creditor to enforce the judgment by avoiding alleged fraudulent transfers of real and personal property by the alter ego to other non-debtor defendants. For the reasons stated, the motion for reconsideration will be denied.[1]

This grounds set forth in the motion by the plaintiff for granting reconsideration of the dismissal of the complaint are (1) that the this Court's determination that federal

---

[1]The motion for reconsideration is based upon Federal Rule of Civil Procedure 59(e), which provides as follows:

**Rule 59. New Trial; Altering or Amending a Judgment**

\*          \*          \*          \*          \*

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

*Id*. Federal Rule of Bankruptcy Procedure 9023 makes Fed. R. Civ. P. 59 applicable to adversary proceedings in bankruptcy.

2

diversity jurisdiction was destroyed by the intervention of the Chapter 7 trustee as a plaintiff in the amended complaint was erroneous;[2] and (2) that the Court erroneously determined that the Lapideses' personal property was held as tenants by the entireties, whereas the Lapideses acknowledged that it was held as joint tenants.[3]

*SUPPLEMENTARY JURISDICTION*

The first point raised by the plaintiff's motion is the assertion that federal jurisdiction based upon diversity of citizenship is present because the Chapter 7 trustee never intervened in this complaint, and therefore this complaint should be transferred to the district court, which possesses supplementary jurisdiction to entertain this lawsuit based on upon non-bankruptcy, diversity jurisdiction.

While it is correct that this Court did not enter an order granting the intervention of the Chapter 7 trustee as a plaintiff, neither did it enter an order permitting the filing of the First Amended Complaint, which was the subject of the motions to dismiss. The motion to file the amended complaint also sought the

---

[2] The opinion stated in footnote 21, that "The joinder of the Chapter 7 trustee as a plaintiff in this action appears to have deprived the federal courts of diversity jurisdiction." Opinion at 41.

[3] Contrary to this assertion, the Lapideses do not acknowledge that they held the personal property as joint tenants. The opinion stated in Conclusion of Law No. 17, that "At the time the judgment was entered by this Court against Morton, and well before then, the real and personal property subject to recovery in the present suit were beyond the reach of his individual creditors because of their ownership as tenancy by the entireties property." Opinion at 44.

3

intervention of the trustee as a plaintiff.[4] The stated bases for the intervention was that "the Transcolor Trustee is a creditor of Mr. Lapides and that the Transcolor estate has an interest in any recovery by the Trust [plaintiff]." Motion to amend [P. 36], ¶3. On March 8, 2006, the trustee's withdrawal of her motion to intervene was announced in the plaintiff's memorandum [P. 53] in opposition to the defendants' motion to dismiss.[5]

The opinion determined that the bankruptcy court had neither "related to" nor supplementary jurisdiction over the instant complaint. Conclusion of Law No. 2. The opinion also held that in a proceeding that is non-core and not "related to" the bankruptcy case, neither the bankruptcy court nor the district court had bankruptcy subject matter jurisdiction. Conclusion of Law No. 4. It also held that supplementary jurisdiction and "related to" jurisdiction may be limited by considerations of comity with state courts and discretionary and mandatory abstention. Conclusion of Law No. 12. Accordingly, the opinion also held that because the bankruptcy judgment sought

---

[4] The opinion stated that "On February 6, 2006, the plaintiff filed a motion to amend the complaint [P. 36] and to permit the Transcolor Trustee to intervene as a party plaintiff. The motion to intervene was later withdrawn." Finding of Fact No. 40.

[5] The memorandum stated in Part IV that "The Chapter 7 Trustee's participation in this matter is not necessary to the Court's decision or the amount of the recovery for the estate. Rather than waste judicial resources litigating this issue, the Plaintiffs withdraw the motion by the Chapter 7 Trustee to intervene as a co-plaintiff." Memorandum, 11-12.

to be enforced had been domesticated, there was no necessity for the bankruptcy court to enforce the judgment pursuant to its supplementary jurisdiction; therefore, the judgment could "more appropriately" be enforced by the plaintiff in the Maryland state courts where subject matter jurisdiction over the property and the judgment are beyond dispute.  Conclusion of Law No. 13.

Based upon the foregoing, even were diversity jurisdiction determined to exist as an independent jurisdictional ground for the district court to exercise its supplementary jurisdiction, there is no compelling reason for it to do so, while considerations of comity with the state courts militate against such an exercise of federal jurisdiction.

This Court deems it to be irrelevant to the decision to dismiss the instant complaint whether the U.S. district court, in the exercise of its discretion, could or would assume supplementary jurisdiction over the instant lawsuit based upon diversity of citizenship.  Accordingly, this Court will decline the plaintiff's request to transfer the instant complaint to the district court.

*STATUS OF OWNERSHIP OF PERSONAL PROPERTY*

Because the opinion held that the bankruptcy court did not have subject matter jurisdiction to hear and determine the instant complaint, any finding of fact made pursuant to and in the context of that opinion regarding the status of the Lapideses'

ownership interest in personal property is not binding. Perhaps Conclusion of Law No. 17, which the motion seeks to amend, should be restated, as follows:

> At the time the judgment was entered by this Court against Morton, and well before then, the real and personal property subject to recovery in the present suit ***was alleged by the defendants to have been*** beyond the reach of ***Morton's*** individual creditors because of their ownership as tenancy by the entireties property.

In any event, it is obvious that the plaintiff contends that the personal property was held jointly, whereas the Lapideses contend that it was held by the entireties. The purpose of the suit was to have this Court determine the status of non-estate property. The opinion held that this Court did not possess the requisite jurisdiction to do so. Therefore, whether this Court now determines that the personal property was jointly-held is irrelevant.[6]

WHEREFORE, the motion for reconsideration will be DENIED.

***ORDER ACCORDINGLY.***

---

[6] Indeed, the plaintiff made this very argument in footnote 2 of its "Reply in Support of Plaintiff's Motion to Reconsider Order Dismissing Adversary Proceeding For Lack of Subject Matter Jurisdiction" [P. 123], which states as follows: ". . . If the Court lacks subject matter jurisdiction, it follows that the Court is not in a position to make findings of fact as to the ultimate issues being presented in the Amended Complaint." *Id*.

cc:  Gregory A. Cross, Esquire
John A. Roberts, Esquire
Charles M. Campisi, Esquire
Venable LLP
2 Hopkins Plaza, 1800 Mercantile Bank Bldg.
Baltimore, Maryland  21201

Marc Robert Kivitz, Esquire
201 N. Charles Street, Suite 1330
Baltimore, Maryland  21201

Alan M. Grochal, Esquire
Megan K. Mechak, Esquire
Tydings and Rosenberg
100 E. Pratt Street, 26th Floor
Baltimore, Maryland  21202

Carl J. Tenner, Esquire
150 South Street, Suite 206
Annapolis, Maryland  21401

Monique D. Almy, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Chapter 7 Trustee

Office of the United States Trustee
2625 U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201